## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

ISHMAEL HASSAN OBAMA  
ADC #145160                                                                                      PLAINTIFF

V.                                  NO: 5:10CV00202 BSM/HDY

ANTONIO PRICE *et al.*                                                                  DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.　Why the record made before the Magistrate Judge is inadequate.

2.　Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.　The detail of any testimony desired to be introduced at the

>hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

>Mail your objections and "Statement of Necessity" to:
>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a state inmate incarcerated at the Tucker Maximum Security Unit of the Arkansas Department of Correction ("ADC"), filed this complaint, pursuant to 42 U.S.C. § 1983, on July 9, 2010, alleging that Defendants failed to protect him from his cellmate's assault.

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held an evidentiary hearing on February 22, 2011, to determine whether this case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id*. at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id., quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-2 (1986). Considering the evidence introduced at the evidentiary hearing in the manner set forth above, the undersigned makes the following findings:

1.	Plaintiff was an inmate at the Cummins Unit on May 12, 2010, when the incident at issue in this lawsuit occurred.

2.	Defendants are inmate Antonio Price,[1] ADC Director Ray Hobbs, and Warden Gaylon Rex Lay, CO-I Leonard Wilson, Michael Mosley, and Sgt. Kyron Mothershed of the Cummins Unit.

3.	According to Plaintiff, Wilson was escorting him to his cell, where Price was standing in the doorway. Wilson opened the cell door and Price attacked Plaintiff, who was restrained at the time. Upon seeing the attack, Wilson closed the door on Price, and Plaintiff was taken to another area without further incident. A video of the incident, provided by Defendants and introduced by Plaintiff as an exhibit, revealed the extremely short duration and insignificant nature of the physical encounter between Plaintiff and Price. (Plaintiff's Ex. No. 1).

4.	Plaintiff alleges that Defendants failed to protect him from Price's assault. In *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), the Court held that, in order for a prisoner to recover against prison officials for failing to protect him, he must prove that: (1) "he [was] incarcerated under conditions posing a substantial risk of serious harm"; and (2) the prison official was deliberately indifferent to that substantial risk of serious harm. In defining deliberate indifference, the Court, in *Farmer,* explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; *the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference*.

---

[1]The undersigned has already recommended the dismissal of Plaintiff's claims against Price, and any reference to "Defendants" herein refers only to the ADC officials Plaintiff named as Defendants in this action.

*Id.* at 837 (emphasis added). Additionally, the Eighth Circuit has explained that this rigorous standard of proof is appropriate because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (*citing Wilson v. Seiter,* 501 U.S. 294, 297 (1991)).

     5.     Applying the above legal standards to the facts of this case, it is clear that there was no Eighth Amendment violation. According to Plaintiff, he and Price had been cellmates for two days with no problems, and there was no expectation that Price would assault him. Once Price began to strike Plaintiff, Wilson immediately closed the door on Price, which ended the incident. Plaintiff described no real harm he sustained as a result of the incident. Accepting Plaintiff's testimony as true, he failed to introduce evidence to establish that any Defendant[2] knew of and deliberately disregarded an excessive risk to his safety. Rather, Plaintiff's testimony described an attack that was a complete surprise to both Plaintiff and Wilson. Therefore, Plaintiff has failed to introduce sufficient evidence to create a fact issue to be submitted to a jury, and his complaint should be dismissed.[3]

     IT IS THEREFORE RECOMMENDED THAT:

     1.     Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

---

[2] In his testimony, Plaintiff stated that he really was asserting no claim against any Defendant other than Wilson.

[3] Plaintiff also vaguely suggested that Wilson failed to follow some procedure when he opened the cell door. However, the mere failure to follow prison policy is not actionable. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).

    2.    The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  23  day of February, 2011.

                                              _____
                                              UNITED STATES MAGISTRATE JUDGE